CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARCOS SOMAR NAVA GUZMAN,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

M & G 60TH STREET LLC (D/B/A
PICCOLA CUCINA UPTOWN), PHILIP
GUARDIONE, and MONICA MONFASANI,

*Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Marcos Somar Nava Guzman ("Plaintiff Nava" or "Mr. Nava"), individually and

on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his

knowledge and belief, and as against M & G 60th Street LLC (d/b/a Piccola Cucina Uptown),

("Defendant Corporation"), Philip Guardione and Monica Monfasani, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Nava is a former employee of Defendants M & G 60th Street LLC (d/b/a

Piccola Cucina Uptown), Philip Guardione, and Monica Monfasani.

2.       Defendants own, operate, or control a Mediterranean seafood restaurant, located at

106 E 60th St., New York, NY 10022 under the name "Piccola Cucina Uptown".

3.     Upon information and belief, individual Defendants Philip Guardione and Monica Monfasani, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Nava was employed as a cook at the restaurant located at 106 E 60th St., New York, NY 10022.

5.     At all times relevant to this Complaint, Plaintiff Nava worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to pay Plaintiff Nava appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Nava the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Defendants' conduct extended beyond Plaintiff Nava to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nava and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Nava now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Nava seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Nava's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mediterranean seafood restaurant located in this district. Further, Plaintiff Nava was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Marcos Somar Nava Guzman ("Plaintiff Nava" or "Mr. Nava") is an adult individual residing in Queens County, New York.

15.     Plaintiff Nava was employed by Defendants at Piccola Cucina Uptown from approximately July 20, 2021 until on or about October 24, 2021.

16.     Plaintiff Nava consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a Mediterranean seafood restaurant, located at 106 E 60th St., New York, NY 10022 under the name "Piccola Cucina Uptown".

18.     Upon information and belief, M & G 60th Street LLC (d/b/a Piccola Cucina Uptown) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 106 E 60th St., New York, NY 10022.

19.     Defendant Philip Guardione is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Philip Guardione is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Philip Guardione possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Nava, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Monica Monfasani is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Monica Monfasani is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Monica Monfasani possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Nava, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a Mediterranean seafood restaurant located in the Midtown East section of Manhattan.

22.     Individual Defendants, Philip Guardione and Monica Monfasani, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Nava's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Nava, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Nava (and all similarly situated employees) and are Plaintiff Nava's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Nava and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Philip Guardione and Monica Monfasani operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Nava's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Nava, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Nava's services.

29.    During 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.    Plaintiff Nava is a former employee of Defendants who was employed as a cook.

32.    Plaintiff Nava seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Marcos Somar Nava Guzman*

33.    Plaintiff Nava was employed by Defendants from approximately July 20, 2021, until on or about October 24, 2021.

34.    Defendants employed Plaintiff Nava as a cook.

35.    Plaintiff Nava regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.    Plaintiff Nava's work duties required neither discretion nor independent judgment.

37.    Throughout his employment with Defendants, Plaintiff Nava regularly worked in excess of 40 hours per week.

38.    From approximately July 20, 2021 until on or about August 31, 2021, Plaintiff Nava worked from approximately 11:00 a.m. until on or about 11:30 p.m., Mondays, Wednesdays, and Thurs days, from approximately 5:00 p.m. until on or about 11:30 p.m., on Fridays, from approximately 1:00 p.m. until on or about 11:30 p.m., on Saturdays, and from approximately 11:00 a.m. until on or about 11:30 p.m., on Sundays (typically 67 hours per week).

39.    From approximately September 1, 2021 until on or about October 24, 2021, Plaintiff Nava worked from approximately 11:00 a.m. until on or about 11:30 p.m., on Mondays, from approximately 1:00 p.m. until on or about 11:30 p.m., on Wednesdays, from approximately 4:00 p.m. until on or about 11:30 p.m., on Thursdays, from approximately 5:00 p.m. until on or about 11:30 p.m., on Fridays, from approximately 1:00 p.m. until on or about 11:30 p.m., on Saturdays,

and from approximately 11:00 a.m. until on or about 11:30 p.m., on Sundays (typically 60 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Nava the first 40 hours in check and the rest of the amount in cash.

41.     From approximately July 20, 2021 until on or about October 24, 2021, Defendants paid Plaintiff Nava $19.00 per hour.

42.     Defendants never granted Plaintiff Nava any breaks or meal periods of any kind.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Nava regarding overtime and wages under the FLSA and NYLL.

44.     Defendants did not provide Plaintiff Nava an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants did not give any notice to Plaintiff Nava, in English and in Spanish (Plaintiff Nava's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nava (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

Plaintiff Nava was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

47.     Defendants paid Plaintiff Nava his wages in check for the first 40 hours and then cash for the rest of the hours.

48.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

49.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Nava (and similarly situated individuals) worked, and to avoid paying Plaintiff Nava properly for his full hours worked.

50.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

51.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Nava and other similarly situated former workers.

52.     Defendants failed to provide Plaintiff Nava and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

53.     Defendants failed to provide Plaintiff Nava and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

54.     Plaintiff Nava brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

55.     At all relevant times, Plaintiff Nava and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

56.     The claims of Plaintiff Nava stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

57.     Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

58.     At all times relevant to this action, Defendants were Plaintiff Nava's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Nava (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

59.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

61.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Nava (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

62.     Defendants' failure to pay Plaintiff Nava (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

63.     Plaintiff Nava (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

64.      Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

65.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Nava overtime compensation at

rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.     Defendants' failure to pay Plaintiff Nava overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

67.     Plaintiff Nava was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

68.      Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

69.     Defendants failed to pay Plaintiff Nava one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Nava's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

70.     Defendants' failure to pay Plaintiff Nava an additional hour's pay for each day Plaintiff Nava's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

71.     Plaintiff Nava was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

72.      Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants failed to provide Plaintiff Nava with a written notice, in English and in Spanish (Plaintiff Nava's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

74.     Defendants are liable to Plaintiff Nava in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

75.      Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

76.     With each payment of wages, Defendants failed to provide Plaintiff Nava with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

77.     Defendants are liable to Plaintiff Nava in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nava respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nava and the FLSA Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Nava and the FLSA Class members;

(d)     Awarding Plaintiff Nava and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Nava and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nava;

(g)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Nava;

- 14 -

(h)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Nava;

(i)     Awarding Plaintiff Nava damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(j)     Awarding Plaintiff Nava liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)     Awarding Plaintiff Nava and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(l)      Awarding Plaintiff Nava and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(m)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Nava demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       November 17, 2021

                          CSM LEGAL, P.C

                   By:    _____/s/ Catalina Sojo, Esq._____
                          Catalina Sojo [CS-5779517]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

November 16, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Marcos Omar Nava Guzman

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:               16 de noviembre 2021

*Certified as a minority-owned business in the State of New York*